## Ferrell v. Ferrell.

*M. P. Schantz,* for libellant.

RENO, P. J., May 28, 1928.—The libel in divorce is signed by Baxter B. "Ferrell," and he names the respondent as Margaret "Ferrell." The parties were so designated in the libel and the sheriff returns that he served Marguerite "Ferrell." The motion for the appointment of the master designated the parties as Baxter "Ferril," libellant, and Marguerite "Ferrel" as respondent. The master's notice to the respondent designates the parties as Baxter "Ferril," libellant, and Marguerite "Ferril," respondent. The sheriff returns that he was unable to find Marguerite "Ferrill." This is a grave defect. The respondent was Marguerite "Ferrell" and the master's notice and a sheriff's search for Marguerite "Ferril" or Marguerite "Ferrill" and the subsequent posting of that notice in the office of the prothonotary were not effective as constructive notice to her of the time and place of the master's hearing.

Moreover, the notes of testimony, certified to by the master, are entitled Baxter "Ferril" *v.* Marguerite "Ferril." A person designated as the libellant was called and his testimony was taken that he was designated as Baxter "Ferril." The libellant and respondent are consistently referred to in the testimony as "Ferril." In short, the record is in such form and condition that it will not support a decree of divorce for Baxter Ferrell against Marguerite Ferrell. And, in this connection, it may be well to observe that the blank decree of divorce which was submitted to the court for its signature designated the parties as Baxter "Ferril" and Marguerite "Ferril." A decree in that form would only serve to complicate matters.

Now, May 28, 1928, the proceedings of this case from and after the appointment of the master are stricken from the record with leave to libellant to proceed by giving proper notice to respondent and retaking testimony before the master.